**IN THE COURT OF APPEALS OF IOWA**

No. 19-0265
Filed April 3, 2019

**IN THE INTEREST OF G.B.,**
**Minor Child,**

**M.B., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka,

Associate Juvenile Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**



        Benjamin Hamel of Iowa Legal Aid, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Patricia Reisen-Ottavi, Dubuque, guardian ad litem for minor child.


        Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

A father appeals the termination of his parental rights in his son, G.B., born in 2018.  He contends the district court erred in denying his request for additional time to work toward reunification, termination is not in the child's best interest, and his bond with G.B. should preclude termination.

*I. Background Facts and Proceedings*

This family most recently came to the attention of the department of human services in June 2018 when the mother passed out while caring for B.G. and required emergency medical attention.  She subsequently tested positive for methamphetamine.  As a result, G.B. was removed from the mother's care.  Because the father admitted to recent methamphetamine use, the child could not be placed with him.  The juvenile court adjudicated G.B. a child in need of assistance.

Initially, the father did not participate in services.  He was jailed from July to November 2018.  Following release, the father began a substance-abuse program and completed seven supervised visits with G.B. in November and December.  However, his visitation became sporadic by mid-December.

The State petitioned to terminate the parents' parental rights to G.B. in December.  By early January 2019, the father was back in jail and tested positive for methamphetamine.  Following a hearing, the juvenile court granted the petition to terminate parental rights pursuant to Iowa Code section 232.116(1)(g), (h), and (*l*) (2018).  The father appeals.[1]

---

[1] The mother's appeal was dismissed as untimely.

*II. Scope and Standard of Review*

Our review is de novo.  *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  We are not bound by the juvenile court's factual findings, but we give them weight, especially when witness credibility is critical to the outcome*.  See id.*  Proof must be clear and convincing, meaning there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  "[R]eview of termination of parental rights under Iowa Code chapter 232 is a three-step analysis."  *M.W.*, 876 N.W.2d at 219.  First, we determine if "any ground for termination under section 232.116(1) has been established."  *Id.*  If a statutory ground authorizing termination has been established, then we consider whether termination in is the child's best interest.  *See id.* at 219–20.  "Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights."  *Id.* at 220.

*III. Discussion*

The father does not challenge the statutory grounds authorizing termination.  As a result, we need not discuss that issue.  *See* Iowa R. App. P. 6.903(2)(g)(3); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  We affirm termination of his parental rights under paragraphs 232.116(1)(g), (h), and (*l*).

The father claims the juvenile court erred in denying his request for an additional six months to work toward reunification.  The court may defer termination if "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of [an] additional six-month period."  Iowa Code

§ 232.104(2)(b). A review of the record reveals no specific factor, condition, or behavioral change that the juvenile court could have relied upon to grant an extension. The father's insistence that he will complete substance-abuse treatment and seek mental-health treatment do not provide adequate support for an extension of time. He admitted to previously failing to complete substance-abuse treatment at least five times and summarized his inconsistent past mental-health treatment at the termination hearing. As a result, we have no reason to believe any concrete changes will occur in the next six months to eliminate the need for removal. *See In re A.A.G.*, 708 N.W.2d 85, 93 (Iowa Ct. App. 2005) (concluding uncertainty regarding a parent's sobriety weighed against granting an additional six months to work toward reunification).

The father claims termination is not in G.B.'s best interest. We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). When making a best-interest determination, "we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (quoting *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997)); *accord In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'" (citation omitted)).

G.B. and the father have had limited interaction over the course of the child's life due to the father's incarceration and continued drug abuse. The father does not possess the skills necessary to parent; for example, he lacks insight regarding basic child safety and how to feed the child. We also note G.B. is developing well in his pre-adoptive foster home. On de novo review, we conclude termination of the father's parental rights is in G.B.'s best interest.

Section 232.116(3) provides statutory exceptions to termination. In certain instances, a strong parent-child bond may preclude termination. *See* Iowa Code § 232.116(3)(c). The father contends termination would ignore his bond with the child. However, we find no significant bond between parent and child here to preclude termination, particularly due to G.B.'s young age. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). We also find no other statutory exception provided for in section 232.116(3) applicable here. *See M.W.*, 876 N.W.2d at 225 (noting the statutory exceptions to termination are "permissive not mandatory").

*IV. Conclusion*

We affirm the termination of the father's parental rights.

**AFFIRMED.**